# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District |
|---|---|
| Name: ROBERT RYAN | Case No.: 1:05-cr-0050 |
| Place of Confinement: USP BEAUMONT | Prisoner No.: 03809-070 |
| UNITED STATES OF AMERICA v. | Movant (include name under which convicted) ROBERT RYAN |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: United States District Court For The District of Rhode Island. Providence, RI 02903.

   (b) Criminal docket number (if you know): 1:05-cr-0050

2. Date of the judgment of conviction: October 7, 2005

3. Length of sentence: 151 Months

4. Nature of crime (all counts): Bank Robbery 18 U.S.C 2113 (a)

5. (a) What was your plea? (Check one)

   (1) Not guilty

   (2) Guilty x

   (3) Nolo contendere (no contest)

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. Kind of trial: (Check one)

Jury • • Judge only • •

7. Did you testify at the trial?

Yes • • No • •

8. Did you appeal from the judgment of conviction?

Yes •x• No • •

9. If you did appeal, answer the following:

(a) Name of court: 1st Circuit Court of Appeals

(b) Docket number (if you know): NO.05-2581

(c) Result: Affirmed

(d) Date of result (if you know): May, 15 2006

(e) Citation to the case (if you know): N/A

(f) Grounds raised: (1) That District Court erred in failing to determine sua sponte that the Defendant's guilty plea was not knowing and voluntary, and (2) that Defendant's sentence was unreasonable under 3553 (a) because career offender provision overstated the Defendant's criminal history in light of his age and decreased likelihood of recidivisim.

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes • • No xx

If "Yes," answer the following:

(1) Docket number (if you know): ______

(2) Result: ______

(3) Date of result (if you know): ______

(4) Citation to the case (if you know): ______

(5) Grounds raised: ______

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes • • No •x•

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ______

(2) Docket number (if you know): ______

(3) Nature of the proceeding: ______

(4) Grounds raised: ______________________

(5) Did you receive a hearing where evidence was given on your motion, petition, application?

Yes • • No • •

(6) Result: ______________________

(7) Date of result (if you know): ______________________

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ______________________

(2) Docket number (if you know): ______________________

(3) Nature of the proceeding: ______________________

(4) Grounds raised: ______________________

(5) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes • • No • •

(6) Result: ______________________

(7) Date of result (if you know): ______________________

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes • • No • •

(2) Second petition: Yes • • No • •

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: ______________________

12. For this motion, state briefly every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. Summarize briefly the facts supporting each ground.

CAUTION: If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief. Each one is a separate ground for possible relief. You may raise other grounds besides those listed. However, you should raise in this motion all available grounds (relating to this conviction or sentence) on which you base your claim that you are being held in custody unlawfully.

- Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
- Conviction obtained by use of coerced confession.
- Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
- Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
- Conviction obtained by a violation of the privilege against self-incrimination.
- Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
- Conviction obtained by a violation of the protection against double jeopardy.
- Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
- Denial of effective assistance of counsel.
- Denial of right of appeal.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must set out in the space provided below the facts that support your claims.

**GROUND ONE:** THE GUILTY PLEA WAS UNKNOWING, INVOLUNTARY, AND UNINTELLIGENT BECAUSE OF INEFFECTIVE ASSISTANCE OF COUNSEL.

(a) Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.): Please see Attached Memorandum at pg 2, for directions to the Supporting Facts That Justify Relief.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes • • No • x •

(2) If you did not raise this issue in your direct appeal, briefly explain why: (1) Because arguably not the Appropriate vehicle, and (2) because Appellate Counsel failed to raise it.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes • • No xx

(2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available.

(3) Did you receive a hearing on your motion, petition, or application?

Yes • • No • •

(4) Did you appeal from the denial of your motion, petition, or application?

Yes • • No • •

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes • • No • •

(6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available.

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain:

**GROUND TWO:** DENIAL OF THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL POST GUILTY PLEA.

(a) Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.): The petitioner raises six (6) separate and distinct counts of ineffective assistance of Counsel post Guilty Plea. Please see Attached Memorandum at pg 2, for the Supporting Facts That Justify Relief in each individual count.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes • • No x•

(2) If you did not raise this issue in your direct appeal, briefly explain why: Because it is not the appropriate vehicle to raise such claims.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes • • No x•

(2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available.

(3) Did you receive a hearing on your motion, petition, or application?

Yes • • No • •

(4) Did you appeal from the denial of your motion, petition, or application?

Yes • • No • •

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes • • No • •

(6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available.

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain:

**GROUND THREE:** THE PETITIONER WAS CONSTRUCTIVELY DENIED THE UNDERLYING RIGHT TO COUNSEL ALTOGEITHER.

(a) Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.): Please see the Attached Memorandum at pg 2-3, for directions to the Supporting Facts That Justify Relief.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes • • No •x

(2) If you did not raise this issue in your direct appeal, briefly explain why: (1) Arguably not the appropriate vehicle, and (2) Appellate Counsel failed to raise it.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes • • No •x•

(2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available.

(3) Did you receive a hearing on your motion, petition, or application?

Yes • • No • •

(4) Did you appeal from the denial of your motion, petition, or application?

Yes • • No • •

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes • • No • •

(6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available.

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes • • No • •

(2) If you did not raise this issue in your direct appeal, briefly explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes • • No • •

(2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and

location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. ____________

(3) Did you receive a hearing on your motion, petition, or application?

Yes • • No • •

(4) Did you appeal from the denial of your motion, petition, or application?

Yes • • No • •

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes • • No • •

(6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. ____________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain: ____________

13. Is there any ground in this motion that has not been presented in some federal court? If so, which ground or grounds have not been presented, and briefly state your reasons for not presenting them: ____________

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes • • No • •

If "Yes," state the name and location of the court, the case number, the type of proceeding, and the issues raised. ____________

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Edward C. Roy of the Federal Public Defenders Office.

(b) At arraignment and plea: Same as above.

(c) At trial: N/A

(d) At sentencing: Kevin J. Fitzgerald of the Federal Public Defenders Office.

(e) On appeal: Edward J. Juel of Boston, MA.

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes • No x

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes • No x

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes • No •

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as codified in 28 U.S.C. § 2255 does not bar your motion.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as codified in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the relief to which he or she may be entitled.

____________________________

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on April 4, 2007. (month, date, year).

Executed (signed) on April 4, 2007 (date).

Robert Rego

Signature of Movant (required)

* * * * *

**Model Form for Use in 28 U.S.C. § 2255 Cases Involving a Rule 9 Issue (Abrogated)**

[The advisory committee is developing a new form that makes extensive revisions to the existing form.]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

---

UNITED STATES OF AMERICA,
Respondant,

V.

ROBERT RYAN,
Petitioner.

---

PETITIONER'S ATTACHED MEMORANDUM IN SUPPORT OF

PETITION FOR RELIEF UNDER 28 U.S.C § 2255

---

CRIMINAL ACTION NO.1:05-cr-0050

## TABLE OF CONTENTS

SECTION PAGE

I. THE PROCEDURAL HISTORY.......... 4-5

THE ISSUES PRESENTED

II. THE GUILTY PLEA WAS UNKNOWING, INVOLUNTARY, AND UNINTELLIGENT BECAUSE IT WAS PREMISED UPON ATTORNEY ROY'S ERRONEOUS GUARANTEE THAT THE RESULTING SENTENCE WOULD BE NO GREATER THAN 4-6 YEARS.......... 5-9

III. THE PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL POST GUILTY PLEA.......... 10-11

(A). Attorney Fitzgerald's failure to file a motion to withdraw the invalid plea.......... 11-12

(B). Attorney Fitzgerald's failure to follow through with his duty to require that the court address specifically the raised issue of whether or not a conflict of interest exist because he was from the same public defenders office as previous Attorney.......... 12-13

(C). Attorney Fitzgerald's failure to object to both the PSR'S, and the District Court's erroneous reliance on a non-qualifying prior conviction to sentence the petitioner as a career offender.......... 13-16

(D). Attorney Fitzgerald's failure to object to the District Court's erroneous imposition of restitution in the amount of $2,030 when the majority of the money was recovered, and the petitioner agreed to waive any right he may have had to that money.......... 16-18

(E). Attorney Juel's failure to raise on direct appeal that District Court did not satisfy its duty investigate claim that potential conflict of interest existed.......... 18-21

(F). Attorney Juel's failure to raise on direct appeal that the District Court committed plain error by sentencing the petitioner as a career offender premised upon a non-qualifying prior.......... 21-22

IV. THE PETITIONER WAS CONSTRUCTIVELY DENIED THE UNDERLYING RIGHT TO COUNSEL ALTOGETHER, BECAUSE OF THE CUMULATIVE EFFECT OF ALL OF THE ERRORS.......... 22-23

V. IN CONCLUSION WITH RELIEF REQUESTED.................................23

## PREFACE

(CA)........is the abbreviation for career offender and can be found throughout this petition.

(PSR).......is the abbreviation for presentence report and can also be found throughout this petition.

EXHIBIT A...is the Transcript of the Omnibus Hearing that took place on September 1, 2005, and can be found attached to the end of this petition.

EXHIBIT B...is the relevant portions of the Sentencing Transcript and can also be found attached to the end of this petition.

EXHIBIT C...is the relevant portions of the Presentence Report and will be found at the end of this petition.

**********...The petitioner also provides a Sworn Affidavit In Support of this Motion which was filed separately but on the same date.

I. THE PROCEDURAL HISTORY

On December 30, 2004, the petitioner was arrested for allegedly robbing the sovereign bank in Providence Rhode Island, by means of a note. Only $2,030 was taken in the robbery, and the majority of that money was recovered.

The petitioner was appointed Edward C. Roy of the Federal Public Defenders Office to represent him in this matter.

On May 23, 2005, and based on the understanding that he would not receive more than 4-6 years, the petitioner pled guilty to an information.

A couple of months latter a Presentence Report (PSR) meeting was held where Attorney Roy took it on himself to point out to the probation officer that he believed that his client was a career offender. For reasons that should be readily apparent, as well as understandable, the petitioner immediately became uncomfortable with Mr. Roy's representation.

On July 14, 2005, the probation office sent to all parties a copy of the (PSR). Within this document the probation officer calculated the petitioner's applicable Guideline Range as being 151-188. That calculation included a ten (10) level enhancement for being a career offender (CA) under USSG 4B1, and a three (3) level downward departure for acceptance of responsibility under USSG 3B1.

This was the final straw, so to speak, as the petitioner understood that regardless of the (CA) he was going to receive a sentence of 63 months in return for his guilty plea. Accordingly, the petitioner asked the Court to appoint new counsel and on September 1, 2005, a Hearing was held to discuss the issue. Ultimately, the Court appointed Kevin J. Fitzgerald of the same public Defenders Office to take Mr. Roy's place.

The petitioner's newly appointed Attorney did not not file a motion to withdraw the plea or make any objections to the (PSR). Hence, the petitioner

was sentenced to 151 months to serve, with three years of supervised release and $2,030 in restitution due immediately.

The petitioner filed a timely notice of appeal, and was appointed Edward J. Juel of Boston, MA, to represent him in that matter. However, Attorney Juel only raised two issues on direct appeal, both of which failed on May 15, 2006.

The petitioner now raises the following claims in this pro-se petition with the hope that this Honorable Court will Grant the relief requested.

II. THE GUILTY PLEA WAS UNKNOWING, INVOLUNTARY, AND UNINTELIGENT BECAUSE IT WAS PREMISED UPON ATTORNEY ROY'S ERRONEOUS GUARANTEE THAT THE RESULTING SENTENCE WOULD BE NO GREATER THAN 4-6 YEARS.

Initially, it is significant to note that Attorney Juel raised on direct appeal the separate and distinguishable, but related issue that the District Court erred in failing to determine sua sponte that the Defendant's guilty plea was not knowing and voluntary. However, that issue was rejected by the Honorable First Circuit because no motion to withdraw was filed in the District Court. The higher Court held that the District Court was not required to make the determination sua sponte, and because no motion was filed prior to sentencing the more stringent analysis applied on review.

Accordingly, the claim raised herein is a straight forward attack claiming that ineffective assistance prevented petitioner from entering a knowing and voluntary plea. Therefore, because this issue was not fully litigated on direct appeal it is not barred by the "law of the case doctrine" from being raised herein. See Murchu v. United States, 926 F.2d 50, 55 (1st cir.1991)

It is also important to add that the petitioner is not procedurally defaulted for failing to raise this claim at the District or Appellate levels, because ineffective assistance of counsel claims are excluded from that requirement and may be raised for the first time in a § 2255 Motion. See

Massaro v. United States, 538 U.S 500, 504 (2003).

With that being said, to set aside a guilty plea based on ineffective assistance of counsel, a Defendant must show that (1) Counsel's assistance was not "within the range of competence demanded of attorney's in criminal cases, and (2) a reasonable probability exist that he would not have pleaded guilty had his counsel been competent." See Hill v. Lockhart, 474 U.S at 59 (1985).

In respect to the first prong of the above mentioned analysis the petitioner directs this Honorable Court's attention to the Transcript of the Omnibus Hearing that took place on September 1, 2005. (Refered to hereinafter as EXHIBIT A) Where the petitioner made it very clear that counsel guaranteed a sentence no greater than 4-6 years.[1] (See also petitioner's sworn Affidavit in support of § 2255 Motion; filed separately)

To be perfectly clear, the petitioner did mistakenly state that he wasn't promised anything, and the Government is certainly going to rely on that statement. So the petitioner feels that it is necessary to clarify that he was indeed promised a sentence no greater than 4-6 years or a trial. His statement that he was not promised anything is meant in the context that he understood that he might not ultimately end up with the agreed to sentence, but if that happened he would be allowed to withdraw his plea or appeal that decision. Indeed, the record corroborates this at every level.

See EXHIBIT A at 12, where the petitioner makes clear that his understanding was that there was an agreement to a particular term of imprisonment...........

[1] It is significant to note that Counsel, although present, never denied that he guaranteed that the petitioner would receive a sentence no greater than 4-6 years. (emphasis added)

> "I did put it, its in the record, that I was under the the assumption that if I signed, you know, if I go along, I pled guilty, this, that, the court would take into consideration that I did go along with the process and I'm not trying to...you know, I'm going along with the program that, you know, 63 months is the agreement."

This statement makes it very clear that the petitioner's understanding of the written plea agreement was that he would receive 63 months in return for his guilty plea. However, this is not the only statement that the petitioner made in this regard. See EXHIBIT A at pg 10, where the petitioner states that.......

> "I told Mr. Roy from the beginning if there was any situation they had in the agreement -- he said your looking at from four to six years with your record, I went over your record,- this is what he told me, and he said to trust him. I says, well, if there going to give me any more time, I don't want to sign any of my rights away......He said that I am I'm looking at 4-6 years with my record. So he said to just trust him on that, and I did."

As mentioned previously, Counsel in question was standing directly next to the petitioner when he made these statements. The fact that he did not dispute this allegation should be more than sufficient to prove that the petitioner is indeed telling the truth. A case in point is United States v. Gordon, 156 F.3d 376 (2nd Cir. 1998).

In Gordon the Honorable Second Circuit Affirmed the District Court's determination that defense Counsel provided ineffective assistance by failing to inform his client of the potential maximum sentence. Such is the case here where Counsel told the petitioner that he was only looking at 4-6 years if he signed the written plea agreement. However, the petitioner received a sentence of twelve and one half years, more than double the amount that he understood to be the maximum when he pled guilty.

Counsel told the petitioner that he had reviewed his criminal history and that he was only looking at 4-6 years. However, the (PSR) calculated the

applicable guideline range as being 151-188 months. Indeed, it has long been established that an Attorney has the duty to provide an adequate investigation into the law and fact relevant to his clients case. See Estell v. Smith, 451 U.S. at 469-71 (1981) and Williams v. Taylor, 529 U.S 362, 396-99 (2000)

In Herring v. Estelle, 491 F.2d 125, 128 (5th cir. 1984) the Honorable Fifth Circuit held that "a lawyer who is not familiar with the facts and the law relevant to his case cannot meet the required minimum level of effective assistance.." Likewise, in Phoenix v. Matesanze, 233 F.3d 77, 82, n.2 (1st cir. 2000) the Honorable First Circuit held that "strategic decisions being virtually unchallengeable does not mean wholly unchallengeable, and decisions that are not reasonably informed have emphatically [not been] made after a thorough investigation of law and fact."

In the case at bar, Counsel did not provide an adequate investigation into the law and facts relevant to the petitioner's case. If he had done so, he presumably would not have erroneously guaranteed the petitioner a sentence of 4-6 years in return for his guilty plea. Therefore, Counnsel's assistance was not "within the range of competence demanded of Attorney's in criminal cases..." Hill, supra, at 59.

In respect to the second prong of the analysis at issue. The petitioner swears under the penalty of perjury that had he known that he was going to receive a sentence greater than 4-6 years, he would not have pled guilty. See Petitioner's Affidavit In Support of § 2255 Motion; Filed Separately. Moreover, this contention is adequately supported by the records and facts in this case.

First, as brought forth previously, the petitioner provided an uncontroverted statement prior to sentencing, where he stated on the record that "if there going to give me any more time, I don't want to sign any of my rights away." Id, supra.

Second, common sense dictates that the petitioner being 47 years old would rather take his chances at trial than to plea guilty to a sentence of twelve and one half years. Especially in light of the fact that he only faced a couple of more years if he lost, and that it is more than possible that he would have received the same exact sentence either way in a post Booker regime.

Furthermore, there is more than a reasonable probability that the Government would have renegotiated a new plea agreement with the petitioner. Perhaps agreeing to a more binding agreement under Fed.R.Crim.P. 11 (c)(1)(c). Where the Government would be bound to a particular term of imprisonment. This is supported by the fact that the Government agreed to allow the petitioner to appeal both the sentence and conviction, if the sentence imposed was greater than 63 months. Id. That fact alone shows that the Government, at least at one point in time, believed that 63 months was the appropriate sentence.

It is also significant to add that the First Circuit's decision in United States v. Labonte, 70 F.3d 1396 (1st cir.1995) is distinguishable from the circumstances herein. In Labonte the Defendant did not provide a sworn affidavit or have any corroborating record support. Nor did the defendants plea agreement state that he could appeal the sentence and conviction if the sentence imposed was greater than 63 months. Moreover, unlike the petitioner, the defendant in that case was looking at 15 more years if he lost at trial in a pre Booker regime. Wherefore, the petitioner asserts that the circumstances in his case does amount to constitutionally ineffective assistance of counsel.

III. THE PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL POST GUILTY PLEA.

To establish ineffective assistance in this context, the petitioner must satisfy the two prong test set forth in Strickland v. Washington, 446 U.S 668, 104 s.ct 2052, (1984).

Under Strickland, a petitioner must first show that his Counsel's performance was deficient. Id at 687. To be deficient, counsels performance must be "outside the wide range of professionally competent assistance." Id at 690.

Upon establishing deficient performance, the petitioner must then show that his deficient performance prejudiced his defence. Id at 687. The petitioner need not show that the deficient performance more likely than not altered the outcome of the case, but must demonstrate only a "reasonable probability that, b ut for counsel's errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Strickland, supra, at 694.

Furthermore, Strickland directs the courts to look at the "totality of the evidence before the judge or jury, keeping in mind that some errors have...a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture..." Id at 695.

Finally, as mentioned previously an ineffective assistance of counsel claim is properly brought forth for the first time in a § 2255 Motion and is therefore generally excluded from the procedural default doctrine. See Murray v Carriier, 477 U.S 478, 488, 91 Led.2d 397 (1986) (Holding that a habeas petitioner may avoid procedural default by showing that counsel's performance was constitutionally defective).

With that being said, the petitioner provides the following counts of ineffective assistance of counsel in a post guilty plea context:

A. Attorney Fitzgerald's failure to file a motion to withdraw the guilty plea.

As mentioned previously, Attorney Fitzgerald was present at the Hearing where the petitioner stated on the record that it was his understanding that he would receive a sentence no greater than 4-6 years in return for his guilty plea. See EXHIBIT A at 12 and 15.

Additionally, the petitioner told Attorney Fitzgerald that he wanted to withdraw his guilty plea if he thought that the court was going to impose the 151 month (PSR) recommendation. See Petitioner's Affidavit In Support of § 2255 Motion; Filed Separately.

However, no Motion was filed, and the petitioner received a sentence of 151 months. Counsel's failure to file this Motion prior to sentencing when the required showing was considerably lessor, was not a reasonable or justifiable decision as the petitioner made it clear that it was his understanding that the maximum sentence he was looking at was 4-6 years. Moreover, the petitioner was prejudiced by Counsel's failures. That is, a motion to withdraw a guilty plea filed prior to sentencing will be granted upon only a showing of a fair and just reason. See United States v. Isom, 85 F.3d 881, 834 (1st cir.1996). Whereas, a motion filed after sentencing will only be granted to correct a miscarriage of justice. This more stringent requirement is virtually impossible to satisfy. See United States v. Abernathy, 83 F.3d 17, 19 (1st cir.1996).

In kimmelman v. Morrison, 477 U.S 365, 385 (1986) the United States Supreme Court found that an Attorney's failure to file a Motion could be prejudicial if it was unreasonable and fell below prevailing norms. In Chatom v. white, 858 F.2d 1479, 1487 (11th cir.1988) the Honorable Eleventh Circuit overturned the District Court's denial of a § 2255 Motion, finding

that Counsel's failure to file warranted motion was in fact ineffective assistance. Likewise, in Wilcox v. McGee, 24 F.3d 1242, (9th cir.2001) the Honorable Ninth Circuit Court of Appeals found that an Attorney's failure to file a motion on grounds that were both obvious and meritoreous was constitutionally ineffective assistance of counsel. The Court found that failure to file that motion prejudiced the defendant because Counsel failed to preserve it for further litigation. Wilcox, supra, at 1246.

In the instant case, the petitioner was not only prejudiced by Counsel's failure to file motion and preserve issue for direct Appeal, (see Argument II. at 5) but also because he subjected the Petitioner to a much more stringent review on Appeal. (Please also see Argument II. at 5-9 for a showing that if the Motion had been filed there is a reasonable probability that it would have been granted.)

Wherefore, the petitioner asserts that Attorney Fitzgerald's failure to file the Motion at issue, prior to sentencing, amounts to constitutionally ineffective assistance.

B. Attorney Fitzgerald's failure to follow through with his duty to require that the Court address specifically the raised issue of whether or not a conflict of interest exist because he was from the same Public Defenders Office as previous Attorney.

Attorney Fitzgerald was the one that brought the potential conflict of interest to the Court's attention at the Omnibus Hearing on September 1, 2005. See EXHIBIT A at 17-18 where he states:

> "The reason that I referred this case back to the Court for the motion to withdraw was exactly what Mr. Ryan just said, that he had concerns because Mr. Roy and I work together, both in the Federal Defender -- essentially, a partnership......if thats ok with Mr. Ryan, and he doesn't believe that that's going to be a conflict from here out, then thats fine."

However, the Court never asked the petitioner if he believed that a conflict of interest exist because both of the Attorney's were from the same

Public Defenders Office. To be perfectly clear, the Court did ask the petitioner if he had a problem with Mr. Fitzgerald, and the petitioner stated that the only problem he had with him at that point was that he worked with Attorney Roy. See Exhibit A, at 16........

> "No, I don't. I don't have nothing. Just that like the only thing I had a problem with him is that he's going to be working with Mr. Roy. I think Mr. Roy has a personal problem with me."

Indeed, as Attorney Fitzgerald pointed out in his statement on the previous page, the whole reason that they were having the Hearing was because of the concerns that the petitioner had with the fact that they were essentially partners. However the Court side-steped the issue and just Appointed Attorney Fitzgerald without clarification from the petitioner. This was error on the Court's behalf but Attorney Fitzgerald also had a duty to require that this issue be fully, and unambiguously resolved. See United States v. Santiago-Lugo, 167 F.3d 81, 84 (1st cir. 1999)

Furthermore, the petitioner asserts that not only was there a potential for a serious conflict but that there was indeed an actual conflict of interest in this case. In that, the only reason Attorney Fitzgerald did did not file the Motion To Withdraw The Guilty Plea, is because to do so he would have had to point out his "partners" failures. Therefore, it is fair to say that Mr. Fitzgerald was in fact representing conflicting interest.

Wherefore, the petitioner asserts that Attorney Fitzgeralds failure to follow through, does indeed amount to ineffective assistance of counsel on a grandiose scale.

C. Attorney Fitzgerald's failure to object to both the PSR's, and the District Court's erroneous reliance on a non-qualifying prior conviction to sentence the petitioner as a career offender.

The (PSR) in this case classified the petitioner as being a USSG 4B1

career offender, premised upon Criminal Cause Numbers (P2/96-0142A), and (P2/3214A). See PSR or EXHIBIT C, at pg 5, paragraph 23.

Cause Number (P2/96-0142A) is a State of Rhode Island conviction for Manufacture and Delivery of a Controlled Substance. The petitioner received a five year suspended sentence with probation on January 16, 1996. This "prior sentence" was imposed within 10 years of the commencement of the instant offense (December 30, 2004), and therefore clearly qualifies as a useable strike. See PSR or EXHIBIT C, at pg 13, paragraph 52.

However, Cause Number (P2/92-3214A)is a State of Rhode Island concvict-ion also for Manufacture and Delivery of a Controlled Substance, in which the petitioner received a 10 year suspended sentence with probation on October 22, 1992. This "prior sentence" <u>was</u> <u>not</u> imposed within 10 years of the commencement of the instant offense, and clearly does not qualify as a useable strike under USSG § 4B1. See PSR or EXHIBIT C, at pg 12, paragraph 51.

That is, USSG § 4B1.2., adopts the provisions of §4A1.2., for a determination of what prior convictions will qualify. See <u>USSG § 4B1.2 Application Note</u> # 4:

> "The provisions of § 4A1.2 (Definitions and instructions for computing Criminal History) are applicable to the counting of convictions under 4B1.1."

Under § 4A1.2., a "prior sentence " is defined as any previous sentence imposed that [did not] result in a sentence of incarceration. Id. This term is separate and distinct from the term "sentence of imprisonment" which means any previous sentence that was imposed, that [actually resulted] in a sentence of incarceration. Id. The petitioner's prior conviction resulted in a sentence that was completely suspended, so for purposes of this argument it is properly characterized as a "prior sentence" See USSG §4A1.2,(b)(2).

With that being said, the petitioner directs this Honorable Court's attention to the Applicable Time Periods, set forth at 4A1.2(e), which states in relevant part.......

(1). Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen year period.

(2). Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.

(3). Any prior sentence not within the time periods specified above will not be counted.

As this Honorable Court can see, any suspended sentence that was not imposed within 10 years of the commencement of the instant offense, is not counted under § 4A1., or by proxy, under the § 4B1., career offender provisions.

In the case at bar, the petitioner is alleged to have commited the instant offense on December 30, 2004, and was sentenced for the prior at issue on October 22, 1992). The petitioner received a fully suspended sentence that was never revoked. Therefore, the time for using this "prior sentence" under § 4A1., and 4B1., expired on October 22, 2002, more than 2 years prior to the commencement of the instant offense.

Counsel's failure to object to both the PSR's, and the District Court's erroneous reliance on the non-qualifying prior conviction to sentence the petitioner as career offender, is constitutionally ineffective assistance of counsel. The petitioner received a sentence of 151 months as a career offender. This is more than twice the amount prescribed under the guidelines absent the (CA) enhancement. (emphasis added)

In Carsetti v. Maine, 932 F.2d 1007, 1012-14 (1st cir.1991) the Honorable First Circuit Court of Appeals found that Counsel's failure to become familiar

with the details of the defendant's criminal history was not ineffective assistance because there was no reasonable probability that the outcome would have differed if counsel had objected to inaccuracies in the record. Id.

In the instant case there is more than a reasonable probability that the outcome would have been different had counsel properly investigated and objected. As mentioned previously the petitioner received a sentence that was more than double what the guidelines recommended absent the (CA) enhancement. See United States v. Frank, 230 F.3d 811 (5th cir.2000), where the Honorable Fifth Circuit found that Counsel's failure to raise available challenge to application of Federal Sentencing Guidelines to enhance sentence, constituted ineffective assistance of counsel. Id.

The petitioner asserts that he would not have received the (CA) enhancement had it not been for Counsel's inadequacies, because none of the petitioner's other prior convictions qualify for career offender purposes. This is so because everyone of the other priors are either to old or the statutes are to broad, (i.e., ecompasses conduct that does not necessarily qualify), and the "judicial documentation" is insufficient to determine that the petitioner pled to a qualifying offense. See Taylor v. United States, 495 U.S at 588-89 (1990) and Shepard v. United States, 125 s.ct 1280 (2005).

Therefore, the ultimate sentence imposed was both procedurally and substantively unreasonable, because it was premised on an incorrect calculation of the applicable Guideline Range. See United States v. Pho, 433 F.3d 53 (1st cir.2006). This requires that, at the very least, the petitioner be returned and resentenced.

D. Attorney Fitzgerald's failure to object to the District Court's erroneous imposition of restitution in the amount of $2,030 when the majority of the money was recovered, and the petitioner agreed to waive any right he may have had to that money.

As mentioned previously in the Procedural History Section, the Court imposed restitution in the amount of $2,030 and made it due immediately. However, the majority of this money was recovered and the petitioner agreed to waive any right he may have had to that money. Therefore, the Court should have, in the interest of justice, either stayed the payment of restitution or set payment for a certain date. See Title 18 USC § 3572(d).

Counsel's failure to object to the Government's request, and the Court's imposistion of the full amount of restitution to be due immediately, is ineffective assistance of Counsel. Especially in light of the fact that the Government admitted on the record that the majority of the money had been recovered and acknowledged that the petitioner had agreed to waive any right he may have had to that money. See EXHIBIT B, at pg 4-5.

The Government's only reason for requesting that the full amount be imposed was that although the money had been seized, it had not yet been returned to the Bank. See EXHIBIT C, at 4-6 where the Government states.....

> "Most of the money was recovered, your Honor. And to the extent that that money has been returned to the bank, it has not yet been returned, it is still in the custody of the officers who seized that money from the defendant's person, and also from his home, and also from his car. And we would still ask the that the Court impose the full restitution of $2,030, but that would be reduced by any of that money which would be returned, and we do anticipate that money will be returned. It is my understanding from speaking with counsel this morning that the defendant is willing to waive any right he may have in that money."

In Smullen v. United States, 94 F.3d 20, 24 (1st cir.1996) the Honorable First Circuit held that the Attorney in that case was not ineffective for failing to argue for a lessor restitution amount because Counsel had already argued for amount less than Government and probation department proposed. Here Counsel never raised any objection to what was clearly apparent error, and the petitioner has been prejudiced by this error, in that he has been required to make payments on the whole amount, for many months now.

E. Attorney Juel's failure to raise on direct Appeal that District Court did not satisfy its duty to investigate claim that potential conflict of interest exist.

In this Motion at Section III(B), pgs 12-13, the petitioner points out that both Attorney Fitzgerald and the petitioner gave notice to the District Court of a potential conflict of interest. Namely, the fact that Attorney Fitzgerald worked for the same Federal Public Defenders Office as the petitioner's previous Attorney. Id.

The petitioner also set forth that the Honorable District Court failed to make an inquiry into that particular notice of potential conflict. Indeed, the the District Court side-stepped the issue and erroneously appointed Attorney Fitzgerald, without properly addressing the potential conflict. Id at 13. This is reversible error.

In Holloway v. Arkansas, 435 U.S 475, 484-85 (1978) the Honorable Supreme Court held that, "a failure of a Court to inquire into a potential conflict of interest after defense counsel's pretrial warnings of conflict, violates a defendants right to effective assistance because court has duty to avoid potential conflicts."

Furthermore, many Courts have held that when a lower Court has notice of a potential conflict but fails to make an inquiry, the reviewing Court will presume a violation of the Sixth Amendment Right to Counsel. See United States v. Rogers, 209 F.3d 139, 144 (2nd cir.2000) (Violation of right to effective assistance of counsel because trial judge failed to inquire about whether counsel's membership on the board of commissioners presented a potential conflict); United States v. Greig, 967 F.3d 1018, 1022 (5th cir.1992) (Violation of right to effective assistance of counsel because trial court knew of conflict but failed to conduct further inquiry); Atley v. Ault, 191 F.3d 865, 871 (8th cir.1999) ---

(Violation of right to effective assistance because trial court learned of conflict but did not attempt to ascertain the nature or extent of the conflict); --- Koste v. Dormire, 260 F.3d 872, 879-90 (8th cir.2001) (Courts failure to inquire into potential conflict after being notified by defendant merited automatic reversal of conviction under Holloway); Harris v. Carter, 337 F.3d 738, 761-62 (6th cir.2003) (If defendant or defense counsel makes timely objection to joint representation based on conflict of interest claim, and trial court fails to inquire into conflict of interest, prejudice is presumed and reversal is automatic); --- United States v. Gallegos, 108 F.3d 1272, 1282 (10th cir.1997) (Violation of right to effective assistance of counsel because trial court knew of conflict but failed to obtain either waivor or protect right to conflict free representation).

Even the First Circuit has acknowledged that when a court knows or reasonably should know that particular conflict of interest exist, it is obligated to make an inquiry. See United States v. Soldevila-Lopez, 17 F.3d 480, at 481 n.6 (1st cir.1994).

Moreover, the recored in this case shows that even Attorney Fitzgerald recognized that appointing a new attorney from the same Public Defenders Office after an Attorney/Client breakdown, was not common or proper. See EXHIBIT A, at 18.................

> "On the other hand, your Honor, you know, its not normal that Mr. Roy and I trade clients like this in this type of situation....."

But the Court seemed more concerned with the amount of money that it would cost to appoint private Counsel than with any potential conflict of interest. See EXHIBIT A, at 19............

> "But the nice thing about having two people in the Public Defenders Office is that occasionally when something like this happens, although it isn't very common, its at least possible that the other Public defender can step in and alleviate the

> personality issue that may have developed, and it doesn't cost more money. We have a limited amount of money to pay for outside Attorney's, and it doesn't put me in the position of having to tell you that you either go with these guys. or go with Mr. Roy or go pro-se."

The Court's comments are improper on multiple levels. But the point herein is that the Court did not satisfy its duty to inquire into the potential conflict or obtain a waivor. The Court just side-stepped the issue and appointed Attorney Fitzgerald without addressing the particular point of whether a potential conflict of interest exist, by appointing an Attorney from the same Federal Public Defenders Office. This is clear error on the Court's behalf, and as set forth previously, warrants automatic reversal without further discussion. Holloway, Supra, at 484-85.

However, the petitioner points out that he suffered from the existance of an actual conflict of interest that prevented counsel from presenting a vigorous defense on his behalf. See Solevila-Lopez, supra, 481 n.3. That is, Attorney Fitzgerald was present at the hearing where the petitioner made clear that he understood that the maximum penalty he faced for his guilty plea, was six years. The Petitioner also asked Mr. Fitzgerald to file a motion to withdraw the plea if he thought it was possible that a sentence of more than six years could legally be imposed. Counsel never filed the Motion and the petitioner points out that to do so, Counsel would have had to butress that Motion on his "partners" inadequat-ness. It should go without saying that there is no realistic possibility what-so-ever that Attorney Fitzgerald would have filed a motion alleging that Attorney Roy's (his partners) ineffectiveness prevented the petitioner from entering a knowing and voluntary plea. (emphasis added)

Additionally, Attorney Fitzgerald did not raise any of his own objections to the PSR or conduct his own independent investigation.[2] Rather, Attorney

---

[2] For instance-as mentioned in section III(C), pgs 13-16, if Counsel would have conducted an investigation into the petitioner's Criminal History he would have found the error raised therein.

Fitzgerald just left what his partner had already done as good. Therefore, the petitioner asserts that Counsel was in fact representing conflicting interest in this case.

With all of this being set forth, it is fair to say that Attorney Juel's failure to raise this issue on direct Appeal is ineffective assistance of counsel. Especially when compounded with the fact that he raised an issue that required him to review the Transcript attached hereto as EXHIBIT A.[3]

F. Attorney Juel's failure to raise on direct Appeal that the District Court committed plain error by sentencing the petitioner as a career offender premised upon a non-qualifying strike.

Earlier in this Motion at section III(C), pgs 13-16, the petitioner showed that Attorney Fitzgerald was ineffective for failing to object to the use of a non-qualifying prior to enhance the petitioner as a career offender, under USSG 4B1.

Because this issue was not preserved by objection at the District Court level, it is subject to the more stringent "plain error review." The Supreme Court has characterized plain error as, "error that is clear or obvious, and effects the defendant's substantial rights." United States v. Olano, 507 U.S 725, 733 (1993).

However, many Court's have exercised there discretion to correct plain error in the sentencing proceedings, including the First Circuit Court of Appeals. See United States v. Christopher, 142 F.3d 46 (1st cir.1998).

In United States v. Franks, 46 F.3d 402, 405 (5th cir.1995) the Honorable Fifth Circuit found that a sentence of 63 months longer than defendant should have received, was plain error that should be corrected. In the instant case, the the petitioner received a sentence that was 79 months longer than he should have

[3] In the event that this Court takes the posistion that Attorney Juel could not have properly raised this claim on direct Appeal because it involves ineffective assistance of counsel, the petitioner would respectfully request that this Honorable Court construe it as a substantive claim.

received.

Wherefore, the petitioner asserts that Attorney Juel was ineffective for failing to raise the career offender issue on direct Appeal.

IV. THE PETITIONER WAS CONSTRUCTIVELY DENIED THE UNDERLYING RIGHT TO COUNSEL ALTOGETHER, BECAUSE OF THE CUMULATIVE EFFECT OF ALL OF THE ERRORS.

In interpreting the prejudice prong of Strickland v. Washington, the Supreme Court has identified a narrow category of cases which prejudice is presumed. The Honorable Court has found that prejudice is presumed when there has been an actual or constructive denial of the assistance of Counsel altogeither. See United States v. Cronic, 466 U.S 648, 658-61 (1984).

The petitioner asserts herein that the cumulative effect of Counsel's errors amounts to the constructive denial of Counsel altogether. Therefore, prejudice would be presumed and reversal would be required.

This contention is well supported by both Supreme and Circuit Court Precedent. In Satter white v. Texas, 488 U.S 249 (1988) the Supreme Court reinforced its earlier decision, stating "as we stated in Strickland, the actual or constructive denial of counsel altogether is legally presumed to result in prejudice." The Honorable Court made clear that "the pervasive denial of counsel cast such doubt on the fairness of the trial process, that it can never be deemed harmless error." Id.

The word "pervasive" means to "spread through every part of." See Blacks Law Dictionary 4th Edition. The petitioner has raised seven (7) meritoreous errors of ineffective assistance. These errors start at the very begining of these proceedings and spread through every critical stage. Therefore, prejudice in this case should be presumed,

In Stoffer v. Reynolds, 168 F.3d at 1163-64 (10th cir.1999) the Honorable Tenth Circuit recognized this concept and held that "taken alone, no one instance

establishes deficient representation, however, cumulatively, each failure underscores a fundamental lack of formulation and direction in presenting a coherent defense." See also Moore v. Johnson, 194 F.3d 619 (5th cir.1999); Lindstat v. Kean, 239 F.3d 191 (2nd cir.2002); Washington v. Smith, 219 F.3d 620, 684-35 (7th cir.2000).

Wherefore, the petitioner asserts that he was constructively denied the underlying right to Counsel altogether, because of the cumulative effect of all of the errors.

V. IN CONCLUSION WITH RELIEF REQUESTED.

The petitioner prays that this Honorable Court will recognize that he was not treated fairly and grant the relief requested.

Further, the petitioner respectfully request that this Court recognize that he is a pro-se layman of the law, and construe his claims in a light most favorable to him. See accord--Haines v. Kerner, 404 U.S 519 (1972).

Ultimately, the petitioner respectfully request that this Honorable Court either.......

1). Re-sentence the petitioner to a term no greater than the six years he pled to, or....

2). Vacate the conviction and allow him to proceed to trial or plea anew, or....

3). Schedule an evidentiary hearing to discuss the merits herein.

Dated, signed, and mailed under the penalty of perjury on this 4 day of April 2007.

Respectfully, [signature]

Robert Ryan
Reg. No.03809-070
USP Beaumont
P.O. Box 26030
Beaumont, TX 77720