EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COPY

| | |
|---|---|
| USA | CRIMINAL ACTION NO. 05-0050 |
| VS. | OCTOBER 7, 2005 |
| ROBERT RYAN | PROVIDENCE, RI |

HEARD BEFORE THE HONORABLE WILLIAM E. SMITH
DISTRICT JUDGE
(SENTENCING)

APPEARANCES:

FOR THE GOVERNMENT: ANDREW REICH, ESQ.
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

FOR THE DEFENDANT: KEVIN J. FITZGERALD, ESQ.
Federal Defenders Office
10 Weybosset St.
Providence, RI 02903

Court Reporter: Anne M. Clayton, RPR
One Exchange Terrace
Providence, RI 02903

Proceeding reported and produced by computer-aided stenography

THE COURT: Good morning. This is the matter of the United States versus Robert Ryan. We're here this morning for sentencing.

Would counsel identify themselves for the record, please.

MR. REICH: Andrew Reich on behalf of the United States of America.

MR. FITZGERALD: Kevin Fitzgerald for Mr. Ryan.

THE COURT: All right. Thank you. I've received a copy of the presentence report prepared by the Office of Probation, and it indicates that there are no objections by either defendant or the Government to the contents of the presentence report. Is that correct?

MR. FITZGERALD: That's correct, your Honor.

MR. REICH: Correct, your Honor.

THE COURT: All right. Very well. I will accept the presentence report then. And I did notice just one very minor typographical error that I think we should correct. On paragraph 40, the age indicates the defendant was 18. I think it's 28. So we should fix that. The presentence report will be accepted without objection.

Also, I received the motion from the Government for a three-point reduction for acceptance of responsibility, and I just received a copy of the defendant's acceptance of responsibility letter. And with the reduction for acceptance of responsibility, the offense level in this case is a 29, and criminal history category is 6.

Under the advisory guidelines then, the guidelines would provide for a sentence of 151 months to 188 months, and this is set forth in paragraph 23, 24 and 25. Specifically, the application of the career offender provisions of the guidelines, Section 4B1.1, results in the additional points over and above the base or adjusted offense level, which is 22. Career offender guidelines provide for an additional ten-point adjustment.

All right. I'll hear from the parties now with respect to the appropriate sentence in this case. Mr. Reich?

MR. REICH: Your Honor, under the terms of the plea agreement in this case, the Government agreed to recommend the low end of the guidelines and that will be our recommendation today. We

believe that a sentence of 151 months imprisonment is an appropriate sentence both under the guidelines and is also appropriate after taking into consideration the factors set forth in Title 18, United States Code, Section 3553(a).

So we would ask that the Court impose the low end term of imprisonment, which would be 151 months imprisonment. We would ask that the Court order restitution in the amount of $2,030 to Sovereign Bank, which is the amount of money that was taken, that a $100 special assessment be imposed, and that the sentence of imprisonment be followed by three years of supervised release.

THE COURT: Wasn't most of the money recovered in this case?

MR. REICH: Most of the money was recovered, your Honor. And to the extent that that money has been returned to the bank, it has not yet been returned, it is still in the custody of the officers who seized that money from the defendant's person, and also from his home, and also from his car. And we would still ask that the Court impose the full restitution of $2,030, but that would be reduced by any of that money which would be returned, and we do anticipate that

that money will be returned.

It's my understanding from speaking to defense counsel this morning that the defendant is willing to waive any right that he may have in that money.

THE COURT: Okay.

MR. REICH: That is our recommendation, your Honor.

THE COURT: All right. Thank you very much. Okay. Mr. Fitzgerald?

MR. FITZGERALD: Your Honor, I submitted a memorandum to the Court for sentencing.

THE COURT: Yes.

MR. FITZGERALD: One of the assertions that I made in that memorandum talked about recidivism going down as individuals get older. I have a case that doesn't stand for that proposition, but it quotes back to the Sentencing Commission report from 2004. I apologize to the Court. At the time that I wrote the memorandum, I couldn't put my fingers on where that information had come from.

Your Honor, the career offender guideline is based on the Congress's intention when giving the Sentencing Commission the job of writing the