UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - - - X

ROBERT RYAN,
petitioner

v. C.A. No. 07-138s

UNITED STATES OF AMERICA,
RESPONDENT

- - - - - - - - - - - - - - - - - X

# PETITIONER'S TRAVERSE TO GOVERNMENT'S RESPONSE TO HIS 28 U.S.C. §2255 MOTION

Now comes the petitioner, Robert Ryan, pro se, who respectfully submits his traverse to the Government's response to his 28 U.S.C. §2255 motion to vacate, set aside or correct sentence.

## PROCEDURAL HISTORY

Petitioner, Robert Ryan (Ryan), incorporates by reference the procedural history as layed out in his memorandum in support of his petition for relief under 28 U.S.C. §2255.

## I. RYAN'S GUILTY PLEA WAS UNKNOWING, INVOLUNTARY AND UNINTELLIGENT

The Government, in its oppositional response, cites several cases from the First Circuit in its initial argument to support the premise that Ryan had made a knowing, voluntary and intelligent plea. See Government's response Argument I. p. 5.

The cases that the Government cites in support of their argument, after careful review, clearly show that the cases are distinguished from Ryan's in important key elements and that the controlling case law for the First Circuit supports Ryan's claim.

In Knight v. United States, 611 F2d 918 (1979), this thirty year old case was one where the defendant was denied the withdrawal of his guilty plea where he had plead guilty after eight (8) days of trial in 1971, then delayed in filing a §2255 for eight years based on a claim that he had no access to his Pre-Sentence Report.

In contrast, Hill v. Lockhart, 474 U.S. 52, 88 L.Ed 2d 203 (1985), which is controlling case law for the First Circuit, holds that in decideing whether a defendant has plead intelligently and voluntarily "depends upon the competence of counsel's advise. Id.

In the case at bar, the issue of whether Ryan's plea was intelligent and voluntary should fall on his ability to show that counsel's assistance was not "within the range of competence demanded of an attorney in a criminal case, and (2) a reasonable probability exists that he would not have plead guilty had his counsel been competent." Id.

Ryan, in his memorandum in support of his petition for relif under 28 U.S.C. §2255 has submitted exhibits, including the transcript of the Omnibus Hearing that was held on September 1, 2005, in which Ryan made it very clear that consel had guaranteed him a sentence of no greater than four to six (4-6) years. See Ryan's Memorandum in support of his §2255 p. 6.

As for the second prong of the analysis at issue, Ryan has sworn under the pains and penalties of perjury that had he known that he was going to receive a sentence greater than the four to six years his attorney had informed him he was subject to, he would not have plead guilty. See Petitioner's Affidavit in Support of his §2255.

Ryan has sufficiently demonstrated that he has met the standard of review set forth in Hill v. Lockhart, See United States v. Giardino, 797 F.2d 30, 31 (1st Cir. 1987); United States v. Ramos, 810 F.2d 308, 313 (1st Cir. 1987).

The other cases that the Government cites on page 5 of its oppositional response are not of the First Circuit, not controlling, and irrelevant.

II. ATTORNEY ROY WAS INEFFECTIVE IN HIS REPRESENTATION OF RYAN

As argued in his memorandum, Ryan has provided an uncontroverted statement, prior to sentencing, in which he stated on record that "if they're going to give me any more time, I don't want to sign any of my rights away." Petitioner's Affidavit in Support of his §2255.

The Government argues that Ryan's claim that Attorney Roy should have advised him to withdraw his plea is unreasonable and unfounded because, they say, there was no legal basis on which to do so. However, as Ryan has pointed out in his memorandum, the Government agreed to allow him to appeal both the sentence and conviction, if the sentence imposed was greater than 63 months. Id. "That fact alone shows that the Government, at least at one point in time, believed that 63 months was the appropriate sentence." Id.

Therefore, common sense dictates that Ryan would not have plead guilty had he been effectively advised by Attorney Roy that there existed a chance of him receiving a far greater sentence than the discussed 4 to 6 years.

Attorney Roy was ineffective.

III. RYAN'S SIXTH AMENDMENT RIGHT TO
EFFECTIVE ASSISTANCE OF COUNSEL
POST GUILTY PLEA

The Supreme Court decision in Strickland v. Washington, 466 U.S. 688 (1984), recognized that an accused is entitled to be assisted by an attorney, whether retained or appointed, who plays a role necessary to ensure that the trial is fair. Hence, the right to counsel is the right to "effective assistance of counsel" and the Government bares the risk of defective assistance of counsel Marry v. Carrier, 106 S.Ct. 2639, 2646, 2650 (1986) Accord, Kimmelmann v. Morrison, 106 S.Ct. 2574, 2584 (1986).

As discussed previously in this traverse, on page 2, the standard of review for Strickland test in guilty plea challenges is given in Hill v. Lockhart, 88 L.Ed 2d 203, " The two-part test adopted in Strickland v. Washington (1984), for evaluating claims of ineffective assistance of counsel, namely that the defendant must show that counsel's representation fell below an objective standard of reasonableness and that there is reasonable probablity that were it not for counsel's unprofessional errors, the result of the proceeding would have been different, applies to challenges to guilty pleas based on ineffective assistance of counsel; in order to satisfy the second or "prejudice" requirement, the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart.

Ryan's Sixth Amendment Right to effective assistance of

Counsel post-guilty plea was denied him and his claim is meritorious.

A. ATTORNEY FITZGERALD WAS INEFFECTIVE

The Government, presumptuosly arguing Attorney Fitzgerald's state of mind in making alleged "strategic decisions" in his defense of Ryan, by not filing a motion to withdraw his guilty plea, assume that Attorney Fitzgerald allowed Ryan's guilty plea to stand because he assumed that "a change of plea would be an extremely hard motion to see through." See Government's Response Argument III A. p. 8.

However, the assumed degree of difficulty in presenting a motion, litigating a case or otherwise defending a client in a criminal case should not be a deciding factor or the basis from preventing counsel from exercising meritorious legal options or raising potentially meritorious issues on appeal.

As stated in Ryan's §2255, Attorney Fitzgerald was present at the hearing where Ryan stated on the record that it was his understanding that he would receive a sentence no greater than 4-6 years in return for his guilty plea. See Ryan's Memorandum in support of his §2255 p.11.

Additionally, Ryan submitted his affidavit in support of his §2255, in which he states under the pains and penalties of perjury that he told Attorney Fitzgerald that he wanted to withdraw his guilty plea if he thought the court was going to impose the 151 month sentence recommended by the Presentence Report (PSR). However, Ryan received a sentence of 151 months and no motion to withdraw was filed.

The Government argues that because the Court informed Attorney Fitzgerald that it would be very difficult to change the plea for Ryan, during a September 1, 2005, Hearing on that issue, Ryan now has no grounds to claim ineffectiveness of counsel.

Contrary to the Government's premise that the Court's opinion that a motion to withdraw Ryan's guilty plea would be difficult is grounds for exclusively abandoning that option for his client, Ryan has stated in his supporting memorandum that not only was he prejudiced by counsel's failure to file the motion and preserve the issue for direct appeal, but also becausehe subjected Ryan to a much more stringent review on appeal.

Ryan reasserts here that Attorney Fitzgerald's failure to file the motion at issue, prior to sentencing, amounts to constitutionally ineffective assistance of counsel.

B. ATTORNEY FITZGERALD'S FAILURE TO FOLLOW THROUGH WITH HIS DUTY TO REQUIRE THAT THE COURT ADDRESS SPECIFICALLY THE RAISED ISSUE OF WHETHER OR NOT A CONFLICT OF INTEREST EXISTED BECAUSE HE WAS FROM THE SAME PUBLIC DEFENDERS OFFICE AS HIS PREVIOUS ATTORNEY

The Government argues that the Court thoroughly discussed with both Attorney Fitzgerald and Ryan the issue of whether or not there was a conflict of interest, and that therefore, this allegation by Ryan is unfouded.

However, Ryan incorporates by reference his argument in his §2255 memorandum where he points out that the Court never asked him if he believed that a conflict of interest existed both the attorneys were from the same Public Defender's Office. See Ryan's

Memorandum in support of his §2255 motion, argument III B. p. 12-13.

Here again, the Government presumptuosly argues that "there is no reason that the Court should have interpreted this statement in any way other than the manner in which it did." reffering to Ryan's response to the Court's inquiry into whether he believed Attorney Roy had a personal problem with him.

However, Ryan assets that not only was there a potential for a serious conflict, but that there was indeed an actual conflict of interest in the case, in that the only reason that Attorney Fitzgerald did not file the motion to withdraw the guilty plea is because to do so he would have had to point out his "partner's failures".

Ryan reassrts that Attorney Fitzgerald's failure to follow through amounts to ineffective assistance of counsel.

C. ATTORNEY FITZGERALD'S FAILURE TO OBJECT TO THE DISTRICT COURT'S IMPOSITION OF RESTITUTION

Ryan incorporates by reference his memorandum in support of his §2255 motion, Argument III D. p.16-17, wherein he points out that the majority of the money taken in the robbery at issue was recovered and that he agreed to waive any right he may have had to it. Therefore, the Court should have, in the interest of justice and fairness, either stayed the payment of the restitution until Ryan was released from prison on probation, or set payment by a certain date. See Ryan's memorandum Argument III D. p. 17.

the Government conceded the fact that the money in question would be returned and that Ryan waived his right to it.

See Ryan's Exhibits at 4-6 in support of his §2255.

Attorney Fitzgerald would have had a very strong basis for arguing the amount of restitution where the money had been recovered. For him not to do so prejudiced Ryan and amounts to ineffective assistance of counsel.

D. ATTORNEY JUEL'S FAILURE TO RAISE ON DIRECT APPEAL THE ISSUE OF POTENTIAL CONFLICT OF INTEREST

The Government, in its response to Ryan's §2255, admits that the District Court was given notice of a potential conflict of interest, but asserts that the Court conducted an inquiry. The Government contends that the Court " thoroughly inquired as to the reasoning for the belief of a potential conflict of interest."

However, Ryan has set forth that the Honorable District Court failed to make an inquiry into the particular notice of potential conflict, namely, that Attorney Fitzgerald worked for the same Federal Public Defender's Office as Ryan's previous Attorney.

Ryan incorporates by reference his entire argument on this issue in his memorandum in support of his §2255 motion, Argument III E. p. 18, 19, 20 and 21.

With all the facts set forth in his memorandum referenced above, it is almost inconceivable thatAttorney Juel failed to raise this issue on Appeal. Therefore, Attorney Juel's failure to raise the issue of conflict of interest on direct appeal resulted in ineffective assistance of counsel.

E. ATTORNEY JUEL'S FAILURE TO RAISE THE ISSUE OF PLAIN ERROR

Ryan was sentenced as a career offender by the District Court based on inaccurate information in his PSR.

The Government argues that Ryan commitied "other crimes" which do count as predicates toward the career offender provision.

However, the issue here is whether the inaccuracies in Ryan's Pre Sentence Report (PSR), mentioned above were in fact used and relied upon to find Ryan a Career Offender, and if so, whether or not it was plain error by the District Court to have used this erroneous information, and that consequently, Attorney Juel should have raised this issue on direct appeal. Attorney Juel did not raise the issue, even after Ryan brought it to his attention and asked him to raise it, therefore, Attorney Juel was ineffective.

Ryan concedes that he has had othe arrests and convictions which possibly could be construed bt the Court as predicates for career offender status, but again that is not the issue at contention here.

Ryan does not dispute these facts, he argues instead that Attorney Juel should have raised this issue on direct appeal.

The Government argues that in order to satisfy the two prongs of Strickland, he had to show that this ineffectiveness prejudiced him and his defense, and that had counsel drawn attention to the error in his PSR, they would have simply pointed out the other predicates.

However, the Government fails to recognize that, assuming that they did point out his "other predicates" and assuming that the Court actually found them to be worthy of predicates for career offender, Ryan then would have had still other possible options open to him on appeal, or perhaps he would have attempted to vacate some of the other predicates mentioned.

Either way, the opportunity no longer exists for Ryan now, therefore, this failure of Attorney Juel to raise the issue of plain error and his failure to correct the record amount to ineffective assistance of counsel.

Ryan has demonstrated that he suffered prejudice due to counsel's acts/ommissions pre and post guilty plea, and he has showed clear ineffective assistance of counsel cumalatively.

## CONCLUSION

For all the foregoing reasons, Ryan's §2255 motion should be granted. Ryan incorporates by reference his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, along with his memorandum in support thereof and the attached exhibits to it, including his affidavit.

Date: October 11, 2007

Respectfully submitted,

Robert Ryan 03809-070

## CERTIFICATE OF SERVICE

I, Rober Ryan, petitioner, pro se, hereby certify that I did cause to be served one true and correct copy of the foregoing: Petitioner's Traverse To Government's Response To His §2255, on the below named, on this 11th day of October, 2007, by placing same in the hand of the legal mail staff member at USP Beaumont, Texas, first class postage affixed.

Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza
Providence, RI 02903

Robert Ryan 03809-070
U.S. Penitentiary
P.O. Box 26030
Beaumont, TX 77720