UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT RYAN | ) | |
| v. | ) | C.A. No. 07 - 138 S |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM AND ORDER**

William E. Smith, United States District Judge

Robert Ryan ("Ryan" or "petitioner") filed a motion to vacate, set aside and/or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons hereinafter stated, Ryan's motion is DENIED.

Background

On December 30, 2004, Robert Ryan entered the Sovereign Bank on Smith Street in Providence and handed the teller a note which warned that no one would get hurt if the teller handed over cash. The teller complied and included in the tendered cash a red dye pack. Ryan thereafter fled the bank in his white four door Buick and retreated to his apartment. At some point after leaving the bank, the red dye pack hidden in the stolen money detonated.

A short time later, the police located Ryan's vehicle. Inside the vehicle, police observed currency covered with red dye. After determining the location of Ryan's apartment, police officers knocked on his apartment door and Ryan answered, covered in red dye stains. He was arrested. The police thereafter searched his home

and found currency stained with red dye. Ryan also had red dye stained money in the pockets of his pants.

On May 23, 2005, Ryan pled guilty pursuant to a written plea agreement to an Information charging him with robbing a federally insured bank in violation 18 U.S.C. § 2113(a). At the change of plea hearing, Ryan was represented by Attorney Edward Roy from the federal defender's office. Following the change of plea hearing, Attorney Roy filed a motion to withdraw from representing Ryan due to a breakdown in the attorney-client relationship. The Court, after a hearing, granted the motion and appointed Attorney Kevin Fitzgerald from the federal defender's office to represent Ryan.

The U.S. Probation Office thereafter prepared a Pre-Sentence Report ("PSR"). The PSR calculated Ryan's base offense level as 32, noting that Ryan was a career offender pursuant to U.S.S.G. § 4B1.1. With a three-level reduction for the acceptance of responsibility, Ryan's net offense level was 29. With a criminal history category of VI, the applicable guideline range was 151-188 months imprisonment.

At sentencing, Attorney Fitzgerald did not object to the calculations in the PSR but argued that the Court should exercise its post-Booker discretion and impose a sentence below the applicable guideline range. The Court was not persuaded and imposed a 151 month sentence, the lowest sentence under the applicable guideline range. The Court also ordered restitution in

the amount of $2,030 for the amount of currency Ryan stole from the Bank. The Court ordered that the amount of restitution be reduced by the currency that was recovered.

Ryan appealed to the Court of Appeals where he was represented by Attorney Edward Juel. The Court of Appeals affirmed his conviction and sentence. See United States v. Ryan, Cr. No. 05-2581 (1st Cir. May 15, 2006) (unpublished). On April 17, 2007, Ryan filed the instant motion to vacate, set aside and/or correct sentence pursuant to 28 U.S.C. § 2255.

§ 2255 Motion

As a basis for his instant motion pursuant to Section 2255, Ryan asserts:

A. His plea was not knowing and voluntary because he was told he would only receive four to six years imprisonment;

B. Ineffective assistance of trial counsel because
   1. counsel failed to file a motion to withdraw the plea;
   2. counsel failed to object to the career offender classification;
   3. counsel failed to object to restitution in the amount of $2,030; and
   4. a conflict of interest existed;

C. Ineffective assistance of appellate counsel because appellate counsel
   1. failed to raise the conflict of interest issue; and
   2. failed to raise the career offender issue; and

D. The cumulative effect of all the errors requires that his sentence be vacated and a sentence of four to six years be imposed.

## Analysis

Title 28, United States Code Section 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶ 1.

Generally, the grounds justifying relief under 28 U.S.C. § 2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. United States v. Addonizio, 442 U.S. 178, 184-185 (1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 185 (internal quotation and citation omitted). Here, Ryan asserts a variety of claims, none of which have merit.

A. Voluntariness of Guilty Plea

Ryan first alleges that his guilty plea was not knowing and voluntary because his attorney advised him that the likely sentence he would receive would be four to six years imprisonment. This claim, however, appears to be procedurally barred since he raised a similar, albeit not identical, claim in his direct appeal. See

Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) ("Issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion."). Notwithstanding the procedural bar, his claim is nonetheless without merit.

In a collateral attack upon a guilty plea, the defendant must show that the errors resulted in a total miscarriage of justice or in a proceeding so tainted as to be inconsistent with the basic requirements of fundamental fairness. Sparfven v. United States, 577 F. Supp. 1430, 1432-33 (D.R.I. 1984). A defendant's plea must be knowing, voluntary and intelligent, and the Rule 11 colloquy must address three core concerns: (1) the absence of coercion; (2) the defendant's understanding of the charges against him; and (3) the defendant's knowledge of the consequence of his plea of guilty. United States v. Bierd, 217 F.3d 15, 18-19 (1st Cir. 2000).

During the change of plea hearing, Ryan confirmed that no promises or assurances had been made to him, other than those explicitly stated in the written plea agreement, and that no one had forced him to plead guilty. See Change of Plea Transcript, May 23, 2005, pp. 4-5. The charges and the elements that the government would have had to prove were explained to him. Id. at 14-17. Ryan was advised of the maximum penalty for the offense. Id. at 6-7. He was advised of the operation of the sentencing guidelines. Id. at 9-11. More importantly, the Court advised Ryan that the terms of the plea agreement were not binding on the Court

and that the Court could impose a sentence more severe than he anticipated. Id. at 9-10. Furthermore, all of these items were set forth in the plea agreement that Ryan signed. See Plea Agreement, Dkt # 13, pp. 1-9.

Ryan now asserts that his plea is not knowing and voluntary because he claims his attorney informed him that the likely sentence would be four to six years. However, this Court warned the plaintiff during the change of plea hearing that (1) it was not bound by the plea agreement, and (2) the Court could impose a sentence more severe than he or his counsel anticipated. Despite these warnings, Ryan proceeded to plead guilty. He may not now challenge his plea because the sentence he received is not what he anticipated. See United States v. Torres-Rosa, 209 F.3d 4, 9 (1st Cir. 2000) ("A defendant's miscalculation - even a gross miscalculation - anent the likely length of his sentence does not render a guilty plea unknowing, involuntary, or unintelligent in any legally cognizable sense."). Accordingly, Ryan's claim that his plea was not knowing and voluntary is without merit.

B. Ineffective Assistance of Trial Counsel

Next, Ryan alleges a claim of ineffective assistance of trial counsel. Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate (1) that his counsel's performance fell below an objective standard of

reasonableness and (2) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88, 694; see also Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002). The defendant bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. Conclusory allegations or factual assertions that are fanciful, unsupported, or contradicted by the record will not suffice. Dure v. United States, 127 F. Supp. 2d 276, 279 (D.R.I. 2001).

When assessing the adequacy of counsel's performance, the Court looks to prevailing professional norms. See Ramirez v. United States, 17 F. Supp. 2d 63, 66 (D.R.I. 1998). A flawless performance is not required. All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances. See Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994) Moreover, in determining whether counsel was deficient "the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the defendant must overcome that presumption. Strickland, 466 U.S. at 689.

When an allegation of ineffective assistance is based on counsel's purported failure to pursue a particular claim or defense, it is incumbent on the defendant to establish that the

claim or defense has merit because counsel cannot be branded deficient for failing to pursue a claim or defense that lacks merit. Ouimette v. United States, C.A. No. 99-489-T, slip op. at 6 (D.R.I. June 21, 2001). Nor can counsel be branded ineffective by failing to raise every non-frivolous claim that could be made. Smith v. Robbins, 528 U.S. 259, 288 (2000).

Moreover, simply compiling a list of things counsel failed to do does not establish that counsel was deficient. A defendant must present some reason for concluding that competent counsel should have done those things. Effective assistance does not require counsel to engage in meaningless acts even if demanded by the client. The defendant must provide some basis for concluding that a proposed course of action was well founded and could have altered the result. Hurley v. United States, No. Civ.A 97-261, 1999 WL 33649128, at *2 (D.R.I. Sept. 20, 1999).

Ryan first alleges that Attorney Fitzgerald did not file a motion to withdraw his guilty plea. As a basis for the motion to withdraw, Ryan asserts that he was under the impression that he would received a sentence of four to six years imprisonment, and since he did not receive that sentence, his attorney should have filed a motion to withdraw the plea.

A defendant does not have an automatic right to withdraw a guilty plea. United States v. Parrilla-Tirado, 22 F.3d 368, 371 (1st Cir. 1994). Indeed, a defendant seeking to withdraw a guilty

plea must demonstrate a plausible reason for doing so. Parrilla-Tirado, 22 F.3d at 371. Plausibility must rest on more than the defendant's second thoughts about some facts or point of law, or about the wisdom of an earlier decision. Id.

Here, plaintiff's sole basis for his desire to withdraw his plea is based upon his incorrect estimate about the time he would serve incarcerated. However, a miscalculation regarding a potential sentence is not a basis on which a guilty plea could be withdrawn. See Torres-Rosa, 209 F.3d at 9 ("A defendant's miscalculation - even gross miscalculation - anent the likely length of his sentence does not render a guilty plea unknowing, involuntary, or unintelligent in any legally cognizable sense.").

Thus, counsel was not deficient for failing to press such a motion.

Second, Ryan asserts that Attorney Fitzgerald was ineffective because he failed to object to the career offender designation. U.S.S.G. § 4B1.1 provides for a career offender enhancement if, *inter alia*, the defendant has at least two prior felony convictions of either a crime or violence or a controlled substance violation. See U.S.S.G. § 4B1.1(a). The PSR and the Court correctly determined that Ryan had satisfied this requirement, particularly since Ryan has been convicted of multiple qualifying felonies. See PSR, ¶¶ 46, 47, 52 & 53. Thus, counsel had no basis upon which to object, and, consequently, this claim is without merit.

Next, Ryan contends that Attorney Fitzgerald was deficient because he failed to object to the award of restitution in the amount of $2,030, asserting that most of the money was recovered at the time of his arrest. Indeed, the Court ordered at sentencing that the restitution amount of $2,030 be reduced by the amount of money recovered. See Sentencing Hearing Transcript, October 7, 2005, pp. 24-25. Thus, counsel was not required to pursue something already done by the Court.

Finally, Ryan asserts that Attorney Fitzgerald failed to press the Court to address whether a conflict of interested existed because Attorney Fitzgerald and Attorney Roy were employed at the same office. This claim is belied by the record. Attorney Fitzgerald did press this matter with the Court. See Motion to Withdraw Hearing Transcript, September 1, 2005, pp. 17-20. Moreover, Ryan indicated to the Court that he consented to the representation by Attorney Fitzgerald. Id. at 16. Thus, Ryan's claim that Attorney Fitzgerald was deficient for failing to press the conflict of interest issue is without merit.

C. Ineffective Assistance of Appellate Counsel

Next, Ryan alleges ineffective assistance of appellate counsel. In the case of appellate counsel, a defendant claiming ineffective assistance must show that counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker," see Mayo v. Henderson, 13 F.3d 528, 533 (2d

Cir. 1994), and that there is "a reasonable probability that, but for his counsel's unreasonable failure [to raise a particular issue], he would have prevailed on his appeal." Smith, 528 U.S. at 285. In order to make that showing, a defendant must overcome the presumption that "the results of the proceedings on appeal is reliable," see id., and, generally, must establish that the ignored issues are clearly stronger than those presented. Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

Ryan contends that appellate counsel was deficient because appellate counsel failed to raise on appeal the conflict of interest issue and the alleged improper application of the career offender provision claim set forth above. However, appellate counsel "need not (and should not) raise every non-frivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith, 528 U.S. at 288 (citing Jones v. Barnes, 463 U.S. 745 (1983)). Here, appellate counsel's conduct was not deficient since the claims advanced by Ryan are considerably weak, if not frivolous, for the reasons outlined above.

D. Cumulative Effect of Errors

Finally, Ryan asserts that the cumulative effect of all of the errors requires that his sentence be vacated and a sentence of four to six years be imposed. However, no single prejudicial error occurred. The cumulative effect of nothing is nothing.

## Conclusion

Accordingly, Ryan's motion to vacate, set aside and/or correct sentence is DENIED.

WESmith

William E. Smith
United States District Judge
Date: 3/21/08